Filed 6/23/22  P. v. Leon CA2/5
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B304478 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA085870) |
| v. | |
| ROBERT LEON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Charles S. Lee, Idan Ivri, and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

On January 14, 2021, we affirmed the trial court's denial of defendant and appellant Robert Leon's Senate Bill No. 1437 (Senate Bill 1437) and Penal Code section 1170.95[1] petition for resentencing. On March 24, 2021, the California Supreme Court granted defendant's petition for review. On January 26, 2022, the Supreme Court transferred the cause back with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 775 (Senate Bill 775) (Stats. 2021, ch. 551) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Having reconsidered the cause and concluded that defendant remains ineligible for relief as a matter of law, we affirm.

# II. PROCEDURAL BACKGROUND

A jury convicted defendant of attempted willful, deliberate, premeditated murder. (§§ 664/187, subd. (a).) The jury found true the allegation that the offense was committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C). The trial court sentenced defendant to life in prison with parole eligibility after 15 years. (*People v. Sotelo et al.* (Jan. 24, 2011, B219799) [nonpub. opn.].)

On October 11, 2019, defendant filed a petition for resentencing pursuant to Senate Bill 1437 and section 1170.95. Under penalty of perjury, defendant declared that a complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences

---

[1] All further statutory references are to the Penal Code.

doctrine; he was convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine; and he could not now be convicted of first or second degree murder due to the January 1, 2019, changes to sections 188 and 189.

Defendant further declared that he was convicted of first degree felony murder and could no longer be convicted of that offense due to the January 1, 2019, changes to section 189 because he was not the actual killer; he did not, with the intent to kill, aid and abet in the murder; he was not a major participant in the felony or act with reckless indifference to human life in the course of the felony; and the murder victim was not a peace officer performing his duties or defendant was not reasonably aware the victim was a peace officer performing his duties. Defendant requested the trial court appoint counsel to represent him.

On December 11, 2019, the Los Angeles County District Attorney filed an opposition to defendant's petition, arguing that defendant was ineligible for relief because Senate Bill 1437 did not apply to the offense of attempted murder. The same day, without defendant's presence, and apparently without appointing counsel for defendant, the trial court summarily denied defendant's petition, ruling that his attempted murder conviction did not qualify for consideration under section 1170.95. We affirmed the court's order.

# III.   DISCUSSION

### A.    *Senate Bill 775 and Section 1170.95*

On October 5, 2021, the Governor signed Senate Bill 775 which amended section 1170.95 to permit resentencing of certain persons convicted of attempted murder under a natural and probable consequences theory.  (§ 1170.95, subd. (a); see Sen. Bill No. 775 (2021–2022 Reg. Sess.), as amended Oct. 5, 2021, p. 3; Stats. 2021, ch. 551, §§ 1–2.)  A petitioner who files a facially sufficient petition is entitled to the appointment of counsel and, "only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'  (§ 1170.95, subd. (c).)"  (*Lewis, supra,* 11 Cal.5th at p. 957.)

### B.    *Summary Denial Without the Appointment of Counsel*

Defendant contends the trial court erred in summarily denying his petition without appointing counsel to represent him because his petition alleged a prima facie case.  The Attorney General concedes that the court erred but argues that the error was harmless.  We agree.

The erroneous failure to appoint counsel under section 1170.95 is reviewed for prejudice under *People v. Watson* (1956) 46 Cal.2d 818, 836.  (*Lewis, supra,* 11 Cal.5th at pp. 957–958.)  Under that standard, defendant has the burden to show a reasonable probability that he would have obtained a more favorable result if the trial court had appointed counsel.  (*Id.* at

4

p. 974.) A court's error in failing to appoint counsel under section 1170.95 is harmless when the jury was not instructed on a natural and probable consequences theory. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [error in not appointing counsel under section 1170.95 was harmless because the jury was not instructed on felony murder or the natural and probable consequences doctrine], review dismissed, cause remanded Dec. 1, 2021, No. S266336.) Because the trial court did not instruct the jury on and defendant was not convicted of attempted murder under the natural and probable consequences doctrine, defendant was ineligible for section 1170.95 resentencing as a matter of law. (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 [because the "jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed to him" he was "ineligible for resentencing under section 1170.95, subdivisions (a) and (b)"]; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835 ["if the jury was not instructed on a natural and probable consequences or felony-murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law"].) Accordingly, any error in summarily denying his petition was harmless. (See *People v. Edwards* (2020) 48 Cal.App.5th 666, 675 [because the defendant did not fall within the provisions of section 1170.95 as a matter of law, any error in summarily denying the petition was "harmless under any standard of review [citations]", review dismissed Jan. 5, 2022, No. S262481.)

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



BAKER, Acting P. J.



MOOR, J.